2026 IL App (1st) 252192-U

SECOND DIVISION
June 30, 2026

No. 1-25-2192

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SAVIAN J. BRIDGES, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21 L 010951 |
| | ) | |
| WAL-MART ASSOCIATES, INC. a/k/a SAM'S CLUB, | ) | Honorable |
| | ) | James E. Hanlon, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

Presiding Justice Van Tine delivered the judgment of the court.
Justices Ellis and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's orders denying plaintiff's petition for relief from judgment and his subsequent motion for reconsideration, where his petition was untimely and not properly verified.

¶ 2    Plaintiff Savian J. Bridges, a self-represented litigant, appeals from the circuit court's

denial of (1) his petition for relief from judgment under section 2-1401 of the Code of Civil

Procedure (Code) (735 ILCS 5/2-1401 (West 2024)), and (2) his subsequent motion to reconsider. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Bridges was a maintenance worker at a Sam's Club store from April 2018 until his termination on December 21, 2019. In November of 2021, Bridges filed his original complaint, through counsel, against "Wal-Mart Associates, Inc. a/k/a Sam's Club" (Sam's Club), asserting claims under the Human Rights Act (775 ILCS 5/6-101(A) (West 2020)). The claims included retaliation, racial discrimination, age discrimination, and gender discrimination, as well as common law claims for wrongful termination and intentional infliction of emotional distress.

¶ 5      In the original complaint, he alleged the following: Beginning in October of 2019, newly hired supervisors subjected him to harassment and issued him false written warnings. He complained repeatedly to Human Resources (HR), which ignored him. He was also falsely branded a "troublemaker", and his hours and shifts were changed against him in retaliation, which culminated in a pretextual termination. He further alleged that Sam's Club failed to follow its own discipline policies and conducted no meaningful investigation of his HR complaints.

¶ 6      After Bridges's attorney withdrew in October 2022, Bridges continued *pro se*, filing multiple amended complaints through 2023. In January of 2024, the circuit court dismissed Bridges's complaint with prejudice in its entirety, finding that no alleged facts supported his claims and that the complaint failed to comply with sections 2-603 and 2-615 of the Code. See 735 ILCS 5/2-603, 5/2-615 (West 2024). Bridges filed three motions to vacate the January 2024 dismissal, all of which the circuit court denied. Bridges thereafter filed an untimely notice of appeal in this Court. On October 18, 2024, this Court dismissed that appeal for lack of appellate jurisdiction and subsequently declined to reconsider its decision.

¶ 7    More than one year after the dismissal of his first appeal, Bridges filed a "Petition for Relief from Judgment" in the circuit court under section 2-1401, advancing two theories based on "newly discovered evidence." First, he alleged that Sam's Club had enrolled him in a corporate health insurance policy without his knowledge or consent, and that he did not discover this until reviewing discovery responses in 2024 (after judgment had already been entered). The petition identified this as a violation of the Insurance Code (215 ILCS 5/154.6 (West 2024)), the Personal Information Protection Act (815 ILCS 530/5 (West 2024)), and HIPAA (45 C.F.R. § 164.502(a) (West 2024)) and asserted that it constituted fraud and misrepresentation warranting vacatur. Second, the petition alleged that certain filings Bridges had submitted to the court appeared in the docket with "altered content, missing exhibits, or differing timestamps" compared to copies he had retained. Thus, according to Bridges, these irregularities deprived the court of his full evidentiary record prior to dismissal. The petition did not identify any specific altered filing by name or docket entry.

¶ 8    The circuit court heard the petition on October 21, 2025. In a written order, the court denied the petition with prejudice on two independent grounds: it was untimely and unverified. The court took the matter off the call. Bridges then filed a motion to reconsider, which the circuit court denied on October 28, 2025, again with prejudice and again placed the matter off call.

¶ 9    Bridges appeals the October 21, 2025, and October 28, 2025, circuit court orders.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, Bridges argues that the circuit court erred in denying his petition because his pleadings were properly verified, and that the circuit court violated his due process rights by apparently not providing him notice and an opportunity to be heard.

¶ 12    Our standard of review for a decision on a section 2-1401 petition depends on the nature of the challenge: where a section 2-1401 petition presents a fact-dependent challenge to a final

judgment, we review for abuse of discretion. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 51. The timeliness of the petition itself is quintessentially fact-dependent and we therefore apply the same standard. See *Calvary Portfolio Services v. Rocha*, 2012 IL App (1st) 111690, ¶ 10.  By contrast, *de novo* review applies only where the petition presents a purely legal challenge. *Id*. Because Bridges's petition asserts newly discovered evidence and record irregularities, we review the circuit court's denial for abuse of discretion. The circuit court provided two grounds for its denial: untimeliness and lack of verification, and we address each.

¶ 13                                 A. Timeliness

¶ 14     A litigant must file his section 2-1401 petition with due diligence. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). Although the statute sets a two-year outer limit, filing within that period does not automatically satisfy the diligence requirement. *Id.* at 99 (holding that the court must consider "not simply the length of the delay in filing the petition for relief from judgment, but also the circumstances attendant to such delay.") The petitioner must affirmatively set forth specific factual allegations that demonstrate due diligence in filing the section 2–1401 petition for relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986).

¶ 15     Bridges's petition was untimely. The circuit court dismissed Bridges's underlying complaint on January 19, 2024. Bridges then filed three motions to vacate, all denied, and thereafter filed an untimely notice of appeal that this court dismissed for lack of jurisdiction on October 18, 2024. Despite being aware of the dismissal throughout this entire period, Bridges waited until October 9, 2025 (nearly twenty-one months after the dismissal and nearly a year after his first appeal was dismissed) to file his section 2-1401 petition. The petition offers no explanation for this delay. See *Paul*, 223 Ill. 2d at 101 (stating that "a petitioner seeking relief from judgment

must do so expeditiously."); *Zeman v. Alvarez Diaz*, 2021 IL App (1st) 200797, ¶ 45–46 (holding the petitioner waited almost three months to file his 2-1401 petition and therefore failed to "seek relief expeditiously."); *McGinley Partners, LLC v. Royalty Properties, LLC*, 2020 IL App (1st) 190546, ¶ 54 (finding a delay of 14 months in filing a 2-1401 petition to be too long to satisfy due diligence requirements); *Saud v. DePaul University*, 2026 IL App (1st) 252084-U, ¶ 24 (holding the plaintiff failed to satisfy due diligence requirements because he waited over five months to file the petition and "[n]either the record nor plaintiff's briefs on appeal provide[d] a convincing explanation for that delay.")

¶ 16    Based on jurisprudence that demonstrates our courts have found considerably shorter delays did not constitute due diligence, we cannot say the circuit court abused its discretion in finding Bridges's petition untimely.

¶ 17                                B. Verification

¶ 18    The circuit court dismissed the petition on the ground that Bridges did not properly verify it, and the record confirms that finding. Section 2-1401 requires that a petition be "supported by the sworn allegations of the party or parties having personal knowledge of the relevant facts, set forth either by verified petition or by attached affidavit." *Storz v. O'Donnell*, 256 Ill. App. 3d 1064, 1069 (1993). A petition that is neither properly verified nor supported by an affidavit is insufficient as a matter of law. *Id*. Section 1-109 of the Code requires that a verification by certification state that the facts set forth are true and correct under penalties as provided by law. 735 ILCS 5/1-109 (West 2024).

¶ 19    Bridges's petition contains no such language anywhere in the document. It concludes only with his signature and contact information. That does not constitute a verification under section 1-

109. The petition does not contain an attached affidavit, either. The petition was therefore defective on its face.

¶ 20    In his reply brief, Bridges contends the circuit court's finding was factually incorrect, asserting that his petition contained a signed section 1-109 certification. The petition itself refutes that claim. It concludes with his signature line and contact information, but contains no certification language, no statement that the facts are true and correct, and no invocation of the penalties of perjury as section 1-109 requires. See 735 ILCS 5/1-109 (West 2024). Accordingly, we affirm the circuit court's finding that the petition was not properly verified. The circuit court did not abuse its discretion in finding the petition was not properly verified.

¶ 21                                  III. CONCLUSION

¶ 22    For these reasons, we affirm the judgments of the circuit court of Cook County.

¶ 23    Affirmed.